IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:15CR3128 |
| | ) | |
| Petitioner, | ) | **BRIEF IN SUPPORT OF MOTION** |
| | ) | **FOR A PROTECTIVE ORDER** |
| v. | ) | **BARRING DISSEMINATION** |
| | ) | **AND/OR REDISCLOSURE OF** |
| UNITED STATES OF AMERICA, | ) | **ANY MATERIALS PROVIDED** |
| | ) | **UNDER FED.R.CRIM.P. 16** |
| Respondent. | ) | |

Defendant Jeffery Sikes is currently under indictment for various counts of mail and wire fraud. The indictment was filed on November 19, 2015, and the case is proceeding through the discovery and pretrial motions stage. Meanwhile, Middleton Electric, Inc., has filed a parallel civil suit in the District Court of Buffalo County, Nebraska against Jeffrey Sikes and several other defendants. The suit alleges that Sikes and his co-defendants defrauded Middleton Electric and seeks civil damages.

On or about July 7, 2016, Middleton Electric's attorney Jared Krejci served a subpoena duces tecum on Jessica Milburn, Sikes' defense attorney in the above-titled criminal case. The subpoena ordered Milburn to produce all discovery materials provided to her by the United States pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Complying with this subpoena would violate the United States Attorney's specific instructions in providing the materials, as the discovery was provided with a letter asking Ms. Milburn not to share any of the materials with "anyone . . . who does not work for your office." More importantly, the subpoena would force Ms. Milburn to violate her ethical duties to her client and jeopardize Mr. Sikes' Sixth Amendment right to effective, conflict-free counsel. For all of these reasons, Milburn seeks an protective order which limits disclosure of the investigative files in this case to the

United States, Mr. Sikes, and the attorneys to be noticed in the case.

## Argument

This is the first time in its more than 20 years of existence that an attorney of the Federal Public Defender's Office has been subpoenaed by a third party to provide the Rule 16 discovery it has received in a criminal case. If such requests are common elsewhere, it is not apparent from counsel's research or the research of other courts. Remarking on a case in which a civil litigant sought an investigative file from the State's Attorney's Office in Chicago, a Chicago Magistrate Judge noted that the litigant had "pointed to no case, and [the] Court had found none, where a court ordered disclosure of investigatory files while criminal proceedings were pending." Doe v. Hudgins, 175 F.R.D. 511, 517 (N.D. Ill. 1997); see also Doubleday v. Run, 149 F.R.D. 601, 607 n. 6 (E.D. Cal. 1993) (acknowledging the "commonly accepted notion that work product of a sort can apply to ongoing criminal litigation.")

There are strong reasons from both the prosecution and defense perspective for protecting against redisclosure of materials prepared as part of an ongoing criminal investigation. The prosecution's interest lies in "preserv[ing] the integrity of law enforcement techniques and confidential sources, protect[ing] witnesses and law enforcement personnel, safeguard[ing] the privacy of individuals under investigation and prevent[ing] interference with the investigation." Hudgins, supra, 175 F.3d at 514 (citing In Re Department of Investigation of New York, 856 F.2d 481, 484 (2d Cir. 1988)). The dissemination of investigative reports puts all of these interests at risk, and is the driving force behind the cover letter that the United States Attorney's Office included when it provided its Rule 16 discovery to Mr. Sikes.

The interest of the defense attorney is equally weighty. A criminal defense attorney owes a duty of loyalty to her client. Neb. Ct. R. Prof. Cond. § 3.501.3; State v. Hawes, 556 N.W.2d 634, 637-38 (Neb. 1996). She is obligated to "act with commitment and dedication to the interests of the client and with zeal and advocacy upon the client's behalf." Neb. Ct. R. Prof. Cond. § 3.501.3. Consistent with this duty, a lawyer must not "reveal information relating to the representation of a client" to others except in certain limited circumstances. Neb. Ct. R. Prof. Cond. § 3.501.6. She must also avoid "concurrent conflict[s] of interest" throughout the representation. Neb. Ct. R. Prof. Cond. § 3.501.7.

Requiring a criminal defendant's attorney to turn Rule 16 discovery over to a hostile litigant in a parallel civil suit would jeopardize all of the components of the attorney-client relationship. To the extent that the discovery includes information that the civil litigant could use against Mr. Sikes, providing that discovery to the requesting party would go against the attorney's duty of loyalty and confidentiality. To the extent that the hostile litigant's request causes the attorney to be concerned about her own liability in the related civil case, the subpoena creates a conflict of interest. These issues have caused at least one court to recognize that "[t]he service of a subpoena upon an attorney during the pendency of a criminal proceeding for which the attorney has been retained has, at the least, a chilling effect upon his ability to represent his client." In Re Grand Jury Subpoena for Attorney Representing Criminal Defendant Jose Evaristo Reyes-Requena, 724 F.Supp. 458, 465 (S.D. Texas 1989). This chilling effect "threatens the integrity of the adversarial process protected by the Sixth Amendment." Id. at 466.

The Nebraska Supreme Court agrees with this sentiment, finding "the mere appearance" of an attorney acting contrary to her client's interests "distasteful." Hawes, 556 N.W.2d at 638. "[C]ourts have a duty to maintain public confidence in the legal system and to protect and enhance the attorney-client relationship in all its dimensions." Centra, Inc. v. Chandler Ins. Co., 540 N.W.2d 318, 326 (1995). Consistent with this duty, and consistent with the court's duty to preserve the integrity of pending criminal proceedings, this Court should enter a protective order. The order should prohibit both Mr. Sikes and the United States, and their representatives, from disseminating or redisclosing to third parties any materials furnished in this case under Rule 16 of the Federal Rules of Criminal Procedure.

## Conclusion

For the foregoing reasons, Mr. Sikes' motion for a protective order should be granted.

> JEFFERY S. SIKES, Defendant
> /s/ *Jessica L. Milburn*
> **JESSICA MILBURN**
> **Assistant Federal Public Defender**
> 112 Federal Building
> 100 Centennial Mall North
> Lincoln, NE 68508
> (402) 221-7820
> Attorney for Defendant

## CERTIFICATE OF SERVICE

Assistant Federal Public Defender Jessica L. Milburn hereby certifies that the foregoing document was filed with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to AUSA Steve Russell on this 22nd day of July, 2016.

> /s/ *Jessica L. Milburn*
> Jessica L. Milburn