IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15CR3128-JMG-CRZ |
| vs. | BRIEF OF UNITED STATES IN RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| JEFFREY S. SIKES, | |
| Defendant. | |

## FACTS

On July 22, 2016, Defendant, Jeffrey S. Sikes, by and through his attorney, filed a

Motion for Protective Order requesting the Court to enter an order allowing Defendant to refuse

to comply with a subpoena deuces tecum filed in the Buffalo County District Court in a civil

action captioned *Middleton Electric Inc., vs. Jeffrey Sikes, and Other Individuals*. (Filing 23).

On July 27, 2016, this Court entered an Order allowing the parties until August 17, 2016, to file a

brief outlining legal authority and jurisdiction for this Court to issue a protective order with

respect to a state court subpoena. (Filing 27). On August 9, 2016, attorneys of behalf of

Middleton Electric, Inc., plaintiff in the state court civil action, filed Motions to Intervene and a

brief in opposition to the protective order filed by the defendant. (Filings 29-35). This brief is

the submission of the United States on the issue set forth in the Court's Order.

## ARGUMENT

Generally, a trial court has the inherent power to stay proceedings in a pending matter, to

permit another action to go forward. *See*, *Landis v. North America Co.*, 299 U.S. 248, 254

(1936); and *United States v. Cordell*, 397 U.S. 1, 12 N. 27 (1970). A district court "has the

power to grant the [defendant's] motion for a protective order, even though such an order might

interfere with the state court civil action." *United States v. Phillips*, 580 F. Supp. 517, 519 (N.D.

Ill. 1984).  In the case at bar, the defendant is requesting the Court enter a protective order

barring re-disclosure of materials provided to the defendant by the government, pursuant to the

discovery rules of this Court and Federal Rule of Criminal Procedure 16.  Federal Rule of

Criminal Procedure 16(d)(1) indicates that "at any time the court may, for good cause, deny,

restrict or defer discovery or inspection, or grant other appropriate relief.  The court may permit a

party to show good cause by a written statement that the court will inspect ex parte.  If relief is

granted, the court must preserve the entire text of the party's statement under seal."  Fed. R.

Crim. P. 16(d)(1).  "Discovery matters are committed to the sound discretion of the district court

and an error in administering the discovery rules is reversible only on a showing that the error

was prejudicial to the substantive rights of the defendant."  *United States v. Pelton*, 578 F.2d

701, 707 (8th Cir. 1978).   Further authorization for the court to enter the defendant's order is

found in Rule 57 of the Federal Rules of Criminal Procedure.  Rule 57(b) states that "a judge

may regulate practice in any manner consistent with federal law, these rules, and the local rules

of the district.  No sanction or other disadvantage may be imposed for noncompliance with any

requirement not in federal law, federal rules or the local rules unless the alleged violator was

furnished with actual notice of the requirement before the noncompliance.  Fed. R. Crim. P.

57(b).

In the above-captioned matter, there is good cause for granting the protective order of the

defense.  Initially, the subpoena of the civil party litigant is essentially an "end run" around the

discovery obligations available in a federal criminal case.  "It is well known that discovery in

federal criminal cases, governed largely by the Federal Rules of Criminal Procedure, is more

restricted that in civil cases [citations omitted]"  *R.J.F. Fabrics, Inc., v. United States*, 651 F.

Supp. 1437, 1440 (C.I.T. 1986).  The state court litigant is requesting from the defendant, items

that could not be provided by the United States to the civil court litigant. Much of the discovery in this matter came from the issuance of grand jury subpoenas, which are privileged and cannot be disseminated to the public pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure.. In addition, the United States, pursuant to the standard practice of this District, provided reports of interviews from the Federal Bureau of Investigation which could not be turned over to private litigants by the United States. The state court litigant is requesting information from the defense that could not be provided in civil litigation. The United States believes that the Court has the inherent power to control the dissemination of discovery materials to third parties.

Moreover, the state court litigant is asking for information substantially broader than the civil case being prosecuted in state court. The indictment in the above-captioned matter relates to a number of schemes which are alleged to have been committed by the defendant. These schemes relate to interstate use of mails and wires for the purpose of obtaining money from third parties. Although one of the schemes does relate to a construction project in which the state court litigant was involved, other schemes referenced in the indictment have no relation to the defendant's state court proceeding. Moreover, as earlier stated, the state court litigant is asking for "any and all" materials provided by the United States to defense counsel in order to fully comply with this Court's discovery edict. This would include FBI reports and interview reports of witnesses that are not part of the mandates of Rule 16. Such information is substantially broader than warranted by the state court litigation. It is respectfully submitted that this Court has the jurisdiction, both under Rule 16, Rule 57, and the inherent power of the court to issue a protective order.

The failure to issue a protective order in this case also sets a dangerous precedent for future criminal actions, particularly in fraud cases. Although the United States is leery to

dissuade any victim from pursuing litigation involving a fraud claim, the notion that a plaintiff in a civil case can merely subpoena defense counsel in a federal court action, for all documents provided by the United States in Rule 16 discovery, opens the door for substantial problems in the future. The government routinely provides to defendants, information that should not be disclosed to the public except as set forth in the criminal litigation. Short of the protective order, there is simply no way for this Court to protect the integrity of information being provided by the United States to defense counsel. The United States believes this is sufficient good cause for a protective order prohibiting dissemination in this case.

In this matter, it is believed that the parties could reach an equitable solution regarding this matter. Counsel for the United States has been unable to get in contact with counsel for the state court litigant since an initial conversation in early July, 2016. However, as a matter of policy, the United States believes that the Court should enter a protective order until such time as a more reasonable stipulation and solution is developed. With respect to the Court's Order of July 27, 2016, the United States does believe the Court has jurisdiction to enter an order that relates to this Court's discovery process and the dissemination of discovery materials in the federal criminal case. The United States believes that at this time a protective order should be entered by this Court.

## CONCLUSION

For the reasons stated herein, the United States respectfully submits that this Court does have jurisdiction to enter a protective order barring dissemination of discovery material to third party litigants in a state court civil action.

UNITED STATES OF AMERICA, Plaintiff

DEBORAH R. GILG
United States Attorney
District of Nebraska


By:    s/ Steven A. Russell
       STEVEN A. RUSSELL, #16925
       Assistant U.S. Attorney

CERTIFICATE OF SERVICE

        I hereby certify that on August 17, 2016, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of Nebraska by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

And I hereby certify that I have caused this document to be electronically mailed to the following non CM/ECF participants: N/A

                                   s/ Steven A. Russell
                                   STEVEN A. RUSSELL