IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFERY S. SIKES,<br><br>    Defendant. | 4:15CR3128<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Defendant's motion for protective order (Filing No. 23) and the motion to intervene filed by proposed intervenor, Middleton Electric, Inc. (Filing No. 29). For the reasons set forth below Middleton Electric's motion will be denied and Defendant's motion for protective order will be set for a hearing.

BACKGROUND

Defendant Jeffery Sikes was indicted on November 19, 2015 on multiple counts of wire and mail fraud. (Filing No. 1). He is accused of contacting "real estate developers and falsely represent[ing] to the developers that he had located tenants to rent various retail commercial properties located in Kearney, Nebraska and Grand Island, Nebraska." (Filing No. 1 at CM/ECF p.1, ¶2). Defendant is further accused of inducing real estate property developers to pay him a fee for finding tenants to lease retail property, despite the fact Defendant knew there were no such tenants. The Indictment also accuses Defendant of several other instances of fraud including misrepresentations made to potential investors regarding alleged investment opportunities.

Defendant came before the court for his initial appearance on November 24, 2015. Defendant waived his right to a speedy trial and the parties commenced discovery under Rule 16 of the Federal Rules of Criminal Procedure. Apparently, much of the discovery material

the United States provided Sikes was collected by serving grand jury subpoenas pursuant to Fed. R. Crim. P. 6(e).

On July 5, 2016, Defendant's lawyer was served a subpoena duces tecum. The subpoena was issued from a Nebraska state court for discovery in a civil lawsuit against Defendant based on the same alleged conduct for which Defendant was indicted in this criminal matter. The subpoena requested the production of "any and all documents, records, materials, information, photographs, tangible objects, files, and reports . . . provided to your office by the United States of America pursuant to Fed. R. Crim. P. 16 and/or NECrimR 16.1." (Filing No. 30 at CM/ECF pp. 3-4). Thus, the subpoena seeks the United States' investigative records and other documents arising from its criminal investigation of Sikes.

Defendant moved for a protective order in this federal criminal case to prevent disclosure of federal discovery materials to the plaintiff in the state civil suit. The United States has joined Defendant's request for a protective order. Third-party Middleton Electric seeks to intervene in this case to oppose Defendant's motion for a protective order.

ANALYSIS

The Federal Rules of Criminal Procedure provide no path to intervention in a criminal matter by a third-party. Interventions in criminal matters "have been granted in limited circumstances where 'a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'" United States v. Collyard, case no. 12cr0058, 2013 WL 1346202 at *2 (D. Minn. April 3, 2013)(quoting United States v. Carmichael, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). For instance courts have occasionally allowed the press to intervene in criminal cases to assert the press' First Amendment rights. See In re Associated Press, 162 F.3d 503, 506-507 (7th Cir. 1998). Courts have also allowed intervention by third-parties seeking to prevent the wide dissemination of confidential or privileged information. United States v. RMI Co., 599 F.2d 1183 (3d Cir. 1979); United States v. Crawford, 735 F.2d 174 (5th Cir. 1984);

United States v. Martoma, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y. 2013). "A third-party's reasonable assertion of privilege with respect to documents to be produced in a criminal actions is sufficient grounds on which to grant the third-party's motion to intervene and to consider the merits of that party's application." Martoma, 962 F. Supp. 2d at 605-06.[1]

Middleton Electric asserts it has standing to intervene in a criminal case "if [it] has Constitutional standing to move for a protective order or oppose a protective order." (Filing No. 31 at CM/ECF p. 2). This overstates the law as it currently stands. Middleton is not a third-party seeking to prevent the dissemination of confidential documents. Nor is Middleton Electric seeking to intervene to preserve a right bestowed upon it by the United States Constitution or other federal law.

Middleton Electric broadly states that courts "routinely have found that third parties have standing to assert their claim of access to documents in a judicial proceeding." (Filing No. 31 at CM/ECF p. 3) (quoting Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 787 (1st Cir. 1988)). But in support of this contention, Middleton Electric cites civil cases permitted third parties to intervene in civil cases. See Pub. Citizen, 858 F.2d at 783-87; Anderson v. Cryocav, Inc., 805 F.2d at 4. Each of those cases relies on Fed. R. Civ. P. 24, which expressly provides for third party intervention. No similar rule exists in the Federal Rules of Criminal Procedure.

The additional cases cited by Middleton Electric involve proposed interventions to assert the First Amendment rights of the press. See In re Globe Newspaper Co., 729 F.2d 47, 50 n. 2 (1st Cir. 1984); In re San Juan Star Co., 662 F.2d 108 (1st Cir. 1981). None of these cases support Middleton Electric's argument that courts allow private parties to intervene in

---

[1] This right to protect potentially confidential documents from dissemination can be traced back to the United States Supreme Court decision of Perlman v. United States, 247 U.S. 7 (1918)(allowing the intervention of a third-party to object to the disclosure of confidential documents in a criminal grand jury proceeding).

ongoing criminal cases to challenge protective orders for the ultimate purpose of allowing third-party access to unfiled discovery materials that are not part of the official court record.[2]

Middleton Electric has not cited, and the court has not found, any case permitting a private party to intervene in a criminal case to oppose a protective order and eliminate that impediment to discovery in a civil case. Unlike the cases on which it relies, Middleton Electric has not cited to any Constitutional right or any privacy interest it seeks to preserve by intervening in the federal criminal proceedings. Rather, Middleton Electric relies upon Nebraska state law arguing it has a right to discovery in its state civil case, therefore it should be allowed to intervene in this criminal case in order to protect that right. But Middleton Electric cannot intervene based on asserting a right created by state law. See, e.g., Carmichael, 242 F. Supp. 2d at 1072-73 (denying intervention in a criminal case because the proposed intervenor could not cite to any "infringement of any interest conferred on him by any provision of the United States Constitution or any federal statute."). Because it has not asserted confidentiality concerns or a right granted under the United States Constitution or other federal law, Middleton Electric's motion to intervene will be denied and its objection to the protective order will be denied as moot.

The remaining question is whether a protective order is appropriate. Under Rule 16(d)(1), the court is authorized to enter a protective order upon a showing of "good cause." See United States v. Lee, 374 F.3d 637, 652 (8th Cir. 2004). Such a showing is necessary even if the parties stipulate to the entry of a protective order. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). A finding of "good cause" requires a specific showing of harm and cannot be based on broad, conclusory allegations. United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass. 2012).

---

[2] Although the question of access to the documents is not before the undersigned, courts generally disfavor allowing third-party access to non-public discovery materials from a criminal case. See United States v. Moussaoui, 483 F.3d 220 (4th Cir. 2007).

Neither the government nor Defendant Sikes has submitted a proposed protective order for the court's review, and the court will not enter a "blanket" protective order applying the terms to all documents in this case. Accordingly, Defendant and/or the Government must supplement their motion for protective order by submitting a proposed protective order narrowly tailored to the parties needs, and providing factual support for a finding of "good cause" with respect to documents to be protected under the terms of the proposed protective order.

Accordingly,

IT IS ORDERED,

1) Proposed intervenor Middleton Electric Inc's motion to intervene and objection to Defendant's motion for protective order ([Filing No. 29](#)) is denied.

2) Any supplement to the Defendant's motion for protective order must be filed on or before November 7, 2016, in the absence of which the motion for protective order will be denied.

3) A hearing will be held on the motion for protective order on November 8, 2016 at 3:00 p.m. in Courtroom 2, United States Courthouse, Lincoln, Nebraska. The court intends to rule on the motion during the course of this hearing on the record.

November 2, 2016.                     BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.