IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEFFERY S. SIKES,<br><br>　　　　　　　　Defendant. | 4:15-CR-3128<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on Middleton Electric, Inc.'s objection (filing 52) to the Magistrate Judge's Memorandum and Order (filing 48) denying its motion to intervene (filing 29). Middleton's objection will be overruled.

　　　Jeffery Sikes has been charged criminally, and sued civilly, for his alleged role in a wire and mail fraud scheme. The civil case against Sikes was filed in Nebraska state court, and Middleton Electric—the proposed intervenor—is the plaintiff in that suit.

　　　On July 5, 2016, Middleton served Sikes' criminal defense attorney with a civil subpoena, requesting the production of,

> [A]ny and all documents, records, materials, information, photographs, tangible objects, files, and reports concerning [Sikes' criminal case] . . . provided to your office by United States of America pursuant to Fed. R. Crim. P. 16 and/or NECrimR 16.1 and/or any other means.

Filing 31 at 1. The subpoena also instructed the attorney not to produce "any communications protected by attorney-client privilege or the attorney work-product doctrine." Filing 31 at 1.

　　　Sikes' defense attorney, upon receiving the subpoena, contacted Middleton's counsel, advising him that she "would not be complying with the subpoena." Filing 23 at 2. The defense attorney then filed a motion for a protective order, requesting that the Court prohibit the dissemination of materials disclosed by the government, to the Federal Public Defender's Office, regarding Sikes' criminal proceeding. *See* filing 23 at 3. In support of that motion, Sikes' attorney wrote, "[c]omplying with this subpoena would violate the United States Attorney's specific instructions in providing the

materials . . . [and] would force [counsel] to violate her ethical duties to her client and jeopardize Mr. Sikes' Sixth Amendment right to effective, conflict free counsel." Filing 24 at 1.

Middleton—which is not a party to the criminal matter—seeks to intervene. *See* filing 29. Specifically, Middleton argues that it has a right to the documents which it has subpoenaed, and therefore that it has a right to intervene in the criminal matter for the purpose of opposing Sikes' requested protective order. *See* filing 31 at 2-3. In advancing this argument, Middleton suggests that third parties may intervene in criminal matters so long as the party has constitutional standing to do so. And here, because Middleton has a right to the documents at issue, and because that right is "implicated by a motion in this case" (*i.e.*, the motion for a protective order), it necessarily has standing to intervene. Filing 52 at 5.

Judge Zwart denied Middleton's motion, noting the absence of any published caselaw in which a private party has been permitted to intervene under like circumstances. Filing 48 at 2, 4. Judge Zwart further rejected Middleton's suggestion that a third party may intervene in a criminal matter so long as that party establishes the general requirements of constitutional standing. Instead, Judge Zwart suggests that, in order to intervene in a criminal matter, the third party must cite a constitutional right or a privacy interest it seeks to preserve by intervening in the federal criminal proceeding. Filing 48 at 4. Thus, a third party cannot—as here—"intervene based on [the assertion of] a right created by state law." Filing 48 at 4.

Middleton objects to the Memorandum and Order, arguing that Judge Zwart applied an overly narrow standing analysis in denying its motion to intervene. Specifically, it argues that a third party may intervene in a criminal matter even if the underlying right is not rooted in the constitution or federal statute. To this end, it reiterates its argument that a third party's right to intervene turns on its ability to demonstrate constitutional standing—that is, an injury in fact, causation, and redressability. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-104 (1998).

As an initial matter, as both parties recognize, the Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case. This is, perhaps, a recognition of the general rule that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). On this point, and as one federal district court recently remarked, "[e]ven crime victims, who enjoy various statutory rights of participation, have no right to intervene in the district court in a criminal case." *United States v. Collins*, 2013 WL 4780927, at \*1 (E.D. Wis. 2013).

- 2 -

As noted in Judge Zwart's Memorandum and Order, courts have, in limited circumstances, permitted intervention in criminal cases. These circumstances typically arise when a third party's constitutional or other federal rights "are implicated by the resolution of a particular motion, request, or other issue during the course of the criminal case." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004). Additionally, third parties have been permitted to intervene in criminal trials "to challenge a request for the production of documents on the ground of privilege." *Id.* (collecting cases). Under the latter circumstance, intervention may be necessary to prevent the third party from forever losing its ability to prevent publication. *See Collins*, 2013 WL 4780927, at *2. The underlying criminal proceeding may also provide the only possible means by which the third party can vindicate "its interest in secrecy." *Id.*

Here, Middleton seeks to intervene in the criminal matter to oppose a protective order "and eliminate that impediment to discovery in a civil case." *See* filing 48 at 4. In this way, Middleton's request for intervention is *offensive*, in that it seeks to obtain discovery for use in a civil case. *Collins*, 2013 WL 4780927, at *2. But, as the *Collins* court recognized, Middleton may seek this information through other means, such as state law or other processes afforded by the court in the civil case. So, unlike *defensive* intervention, which typically implicates privacy or privilege, "denial of intervention [does] not leave the third party without a remedy." *Id.*

In sum, after reviewing the record in its entirety, the Court finds that the Magistrate Judge properly denied Middleton's motion to intervene. Accordingly, there are no grounds for altering or amending the Magistrate Judge's Memorandum and Order, and Middleton's objection (filing 52) will be overruled.

As a final matter, the Eighth Circuit is silent on whether a motion to intervene in a criminal matter is non-dispositive, thereby triggering review under Fed. R. Civ. P. 72(a), or dispositive, and therefore subject to de novo review under Fed. R. Civ. P. 72(b). For the purposes of this motion, the Court assumes without deciding that de novo review under Fed. R. Civ. P. 72(b) applies. Indeed, the Court's result would be the same regardless of whether it reviewed the Magistrate Judge's determination de novo or for clear error.

IT IS ORDERED that Middleton Electric's objection (filing 52) to the Magistrate Judge's Memorandum and Order is overruled.

Dated this 3rd day of January, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge