IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3128 |
| vs. | AMENDED ORDER ON SENTENCING SCHEDULE |
| JEFFERY S. SIKES, | |
| Defendant. | |

Pursuant to the Local Rules of Practice, *see* NECrimR. 32.1(b), and the sentencing practices of this Court more generally, and to set a schedule and a procedure for sentencing before the sentencing judge,

IT IS ORDERED that the following deadlines and procedures are set in this case:

1. **August 4, 2017**: Objections by counsel to the initial presentence report;

2. **October 3, 2017**: In preparation for an evidentiary hearing addressing the loss calculation and restitution for purposes of sentencing:

    a. The parties shall jointly prepare and file with the Court:

    1) A statement of uncontroverted facts, and

    2) A list of controverted and unresolved issues;

    b. The parties shall deliver to the Court copies of all exhibits they intend to present at the evidentiary hearing, in a three-ring binder organized for use by dividers or tabs, listed on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms, and numbered as provided by NECrimR 12.6;

    c. The parties shall file and serve on opposing counsel trial briefs, proposed findings of fact and conclusions of law, and witness lists, including the full name and address of each witness whom the party may call to testify at trial;

3.  **October 23, 2017 at 9:00 a.m.**: Evidentiary hearing before Judge Gerrard;

4.  **October 30, 2017**: Judge's notice to counsel of tentative findings regarding the defendant's loss calculation, amount of restitution, and other contested issues addressed at the October 23 evidentiary hearing;

5.  **November 7, 2017:** Probation office's submission to the judge and counsel of initial or revised presentence report with changes, if any, responsive to counsels' objections, and, if needed, an addendum explaining the probation officer's position regarding any objections to the presentence report previously submitted by counsel;

6.  **November 14, 2017**:

    a.  Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

    b.  Motions to the Court:

    1)  for departure under the guidelines (including, but not limited to, motions by the government); and

    2)  for deviation or variance from the guidelines as allowed by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) or its progeny;

    c.  Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report.

    d.  If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition to an objection under subparagraph (c) of this paragraph 6, it must be: by affidavit, letter, report or other document attached to the statement of position or by oral testimony at the sentencing hearing. If oral testimony is desired, a request must be made in the statement of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of

documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses. If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 6(d).

7. **November 21, 2017**: Judge's notice to counsel of rulings, tentative findings, whether oral testimony is to be permitted, and how objections to tentative findings may be made; and the following procedures shall apply to objections to tentative findings:

    a. A written objection to tentative findings is not required if no evidence will be offered in support of the objection to tentative findings and no new substantial issue of law will be raised in support of an objection to tentative findings. In such a case, an oral objection to the tentative findings may be made at the time of sentencing.

    b. A written objection to tentative findings is required if evidence will be offered in support of the objection to the tentative findings or if a new substantial issue of law is raised in support of the objection to the tentative findings. If evidence will be offered in support of the written objection to the tentative findings, the written objection shall include a statement describing why an evidentiary hearing is required, what evidence will be presented, and how long such a hearing would take. If a new substantial issue of law is raised in support of the written objection to tentative findings, such an objection shall be supported by a brief. Unless the Court orders otherwise, a written objection to the tentative findings will be resolved at sentencing in such manner as the Court deems appropriate.

    c. Any written objection to tentative findings shall be filed no later than one business day prior to the date set for sentencing.

8. **November 28, 2017 at 1:00 p.m.**: Sentencing before Judge Gerrard in Lincoln, Courtroom #1.

A probation officer must submit a sentencing recommendation to the sentencing judge no later than six days after the issuance of an order described in paragraph (7) or, if no order is issued, no later than ten days after the date set in paragraph (6). The probation officer is directed to provide copies of any sentencing recommendation to counsel for the government and counsel for the defendant at the time the recommendation is submitted to the sentencing judge.

Dated this 28th day of June, 2017.

BY THE COURT:

_____
John M. Gerrard
United States District Judge